UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **IN RE** <br> $33,832.00 U.S. Currency (22-DEA-690695); <br> $12,210.00 U.S. Currency (22-DEA-690696); and <br> $4,000.00 U.S. Currency (22-DEA-690697). | **Misc. No.: 22-51493** <br> **Honorable** Gershwin A. Drain |

**Stipulation and Order Extending United States' Time to File Forfeiture Complaint and to Toll the Civil Filing Deadline**

It is hereby stipulated by and between the United States of America, by and through its undersigned attorneys, and Zijad Balic, by and through his attorney, James C. Thomas, as follows:

1. On April 13, 2022, Drug Enforcement Administration ("DEA") seized the following property: $33,832.00 U.S. Currency, $12,210.00 U.S. Currency, and $4,000.00 U.S. Currency (collectively referred to herein as the "Property").

2. The Parties acknowledge and stipulate that DEA provided notice as required by 18 U.S.C. § 983(a)(1)(A) of the seizure and its intent to administratively forfeit the Property to all known interested parties, including to Zijad Balic.

3. Zijad Balic filed a claim in the administrative forfeiture proceeding with DEA regarding the Property. No other person has filed a claim to the Property in the administrative forfeiture proceeding.

4. DEA referred the administrative claim to the United States Attorney's Office for civil judicial forfeiture proceedings.

5. Pursuant to 18 U.S.C. § 983(a)(3)(A) and (B), within 90 days after a claim has been filed in an administrative forfeiture proceeding, the United States is required to do one of the following:

    (a) file a complaint for forfeiture against the claimed property,

    (b) return the claimed property, or

    (c) include the claimed property for forfeiture in a criminal action,

in order for the United States to take further action to effect the civil forfeiture of the claimed property in connection with the underlying offense, unless the court extends the deadline for good cause shown or by agreement of the parties. In this case, the 90-day deadline would be **September 26, 2022**.

6. As provided in 18 U.S.C. § 983(a)(3)(A), the parties wish by agreement to extend the 90-day deadline set forth in 18 U.S.C. § 983(a)(3)(A) and (B), and to toll the deadline, in order for the parties to have a reasonable and sufficient period in which to evaluate their respective interests in and positions regarding the Property.

7. Zijad Balic knowingly, intelligently, and voluntarily gives up any rights he may have under 18 U.S.C. § 983(a)(3)(A) and (B) to require the United States to file a complaint for forfeiture against the Property, to return the Property,

and/or to include the Property for forfeiture in a criminal action by **September 26, 2022**.

8.  The parties agree that the deadline by which the United States shall be required to file a complaint for forfeiture against the Property, to return the Property, and/or to include the Property for forfeiture in a criminal action to toll the civil filing deadline shall be extended **92 days** from **September 26, 2022** to and including **December 27, 2022**.

9.  Zijad Balic waives all constitutional and statutory challenges related to the foregoing extension and gives up any rights he may have to seek dismissal of any civil forfeiture complaint and/or any criminal forfeiture allegation in a criminal action on the ground that forfeiture proceedings were not timely commenced. Zijad Balic further waives and agrees to the tolling of any rule or provision of law limiting the time for commencing, or providing notice of, forfeiture proceedings with respect to the Property, including, but not limited to, the limitations contained in 18 U.S.C. § 983 and 19 U.S.C. § 1621.

10. Zijad Balic agrees that until the United States files a complaint for forfeiture against the Property and/or alleges forfeiture of the Property in a criminal action, or until **December 27, 2022**, whichever occurs first, the Property shall remain in the custody of the United States and Zijad Balic shall not seek its return for any reason in any manner.

11. By signing below, James C. Thomas declares that prior to signing this Stipulation, he provided a copy of it to Zijad Balic, reviewed it with Zijad Balic, consulted with Zijad Balic regarding its contents, answered any questions Zijad Balic had about it, determined that Zijad Balic understand its terms and is aware of his rights in this matter, and Zijad Balic authorized James C. Thomas to sign this Stipulation.

12. By their signatures below, the Parties agree to all of the terms and conditions stated herein.

Approved as to form and substance:

Dawn N. Ison
United States Attorney

| S/Adriana Dydell | S/James C. Thomas (with consent) |
|---|---|
| Adriana Dydell (CA 239516) | James C. Thomas |
| Assistant United States Attorney | Attorney for Zijad Balic |
| 211 W. Fort Street, Suite 2001 | 12900 Hall Road, Suite 350 |
| Detroit, MI 48226 | Sterling Heights, MI 48313 |
| (313) 226-9125 | 586-726-1000 |
| Adriana.Dydell@usdoj.gov | jthomas@orlaw.com |
| Dated: September 23, 2022 | Dated:  September 23, 2022 |

**IT IS SO ORDERED.**

Date:  September 26, 2022      s/Gershwin A. Drain_____
                               UNITED STATES DISTRICT JUDGE
                               Honorable Gershwin A. Drain